UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
FORT LAUDERDALE DIVISION
CASE NO.:

JENEIA MCKAY-TAYLOR,
JADE MCKAY-TAYLOR,
BRANDON TAYLOR,
ROBERT TAYLOR
and other similarly situated individuals,

       Plaintiffs,

v.

S1 SECURITY GROUP INC,
and ROLANDO E. PALMA, individually,

       Defendants,

_____/

## COMPLAINT

(OPT-IN PURSUANT TO 29 U.S.C § 216(b))

COMES NOW the Plaintiffs JENEIA MCKAY-TAYLOR, JADE MCKAY-TAYLOR,

BRANDON TAYLOR, ROBERT TAYLOR, and other similarly situated individuals, by and

through the undersigned counsel, and hereby sues Defendants S1 SECURITY GROUP INC, and

ROLANDO E. PALMA individually and alleges:

### JURISDICTION VENUES AND PARTIES

1.  This is an action to recover money damages for unpaid overtime wages under the laws of
    the United States.  This Court has jurisdiction pursuant to the Fair Labor Standards Act, 29
    U.S.C. § 201-219 (Section 216 for jurisdictional placement) ("the Act").

2.  Plaintiffs JENEIA MCKAY-TAYLOR, JADE MCKAY-TAYLOR, BRANDON
    TAYLOR, and ROBERT TAYLOR are residents of Broward County, Florida. Plaintiffs
    are covered employees for purposes of the Act.

3. Defendant S1 SECURITY GROUP INC (hereinafter S1 SECURITY GROUP, or Defendant) is a Florida corporation having its main place of business in Miami-Dade, and Broward County, Florida, where Plaintiffs worked for Defendant. S1 SECURITY GROUP was engaged in interstate commerce.

4. The individual Defendant ROLANDO E. PALMA was and is now, owner/president and manager or of S1 SECURITY GROUP. Defendant ROLANDO E. PALMA was the employer of Plaintiffs and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)] and is jointly liable for the Plaintiffs' damages.

5. All the actions raised in this Complaint took place in Broward County Florida, within the jurisdiction of this Court.

<u>COMMON ALLEGATIONS</u>

6. This cause of action is brought by Plaintiffs JENEIA MCKAY-TAYLOR, JADE MCKAY-TAYLOR, BRANDON TAYLOR, ROBERT TAYLOR as a collective action to recover from Defendants half-time overtime compensation, retaliatory damages, liquidated damages, and the costs and reasonable attorney's fees under the provisions of Fair Labor Standards Act, as amended, 29 U.S.C. § 201 *et seq* (the "FLA or the "ACT") on behalf of Plaintiffs and all other current and former employees similarly situated to Plaintiffs ("the asserted class"), who were not paid regular wages, and who worked in excess of forty (40) hours during one or more weeks on 2018/2019 (the "material time") without being properly compensated.

7. Corporate Defendant S1 SECURITY GROUP is a Florida corporation that provides security services to businesses, residential communities, construction sites, executive bodyguard protection, etc.

8. Defendant S1 SECURITY GROUP was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) (1)(A). The Defendant provides security services and, through its business activity, affects interstate commerce. Defendant has more than two employees recurrently engaged in commerce or in the production of goods or services for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

9. Plaintiffs and those similarly situated were employed by an enterprise engaged in interstate commerce. Particularly, Plaintiffs were security employees, and through their daily activities, Plaintiffs provided security services to enterprises engaged in interstate commerce. Therefore, there is FLSA individual coverage.

10. Defendants S1 SECURITY GROUP and ROLANDO E. PALMA employed Plaintiffs JENEIA MCKAY-TAYLOR, JADE MCKAY-TAYLOR, BRANDON TAYLOR, and ROBERT TAYLOR as non-exempted, hourly, security employees.

11. Defendant S1 SECURITY GROUP employed Plaintiffs JENEIA MCKAY-TAYLOR, JADE MCKAY-TAYLOR, BRANDON TAYLOR, and ROBERT TAYLOR at different

times and periods, and paid them at different hourly rates, but all of them were subjected to the same employment practices, and they were not paid overtime hours at the rate of time and a half their regular rate.

12. Plaintiffs were full-time, hourly employees working 5, 6 or 7 days per week, shifts of 12 hours, Plaintiffs completed an average of minimum 60, 72 and 84 working hours weekly.

13. Plaintiffs were compensated for all their working hours at their regular wage rate. However, Plaintiffs were not paid for overtime hours.

14. During the Plaintiffs' employment time, the always worked more than 40 hours every week period. Nevertheless, Plaintiffs never were properly compensated for the overtime hours worked.

15. Plaintiffs clocked in and out, and Defendants were able to track and monitor the hours worked by Plaintiffs and other similarly situated individuals.

16. Therefore, during the relevant period of time Defendants willfully failed to pay Plaintiff overtime wages at the rate of time and one-half her regular rate for every hour that she worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)).

17. The Plaintiffs never agreed with the lack of payment for her overtime and they left their employment at different dates.

18. In the case of Plaintiff Robert Taylor, he was fired by Defendants due to his complaints about unpaid overtime hours, on or about June 15, 2019.

19. Plaintiffs are not in possession of time and payment records, but they will provide a good faith estimate of unpaid half-time overtime.

20. Plaintiffs JENEIA MCKAY-TAYLOR, JADE MCKAY-TAYLOR, BRANDON TAYLOR, and ROBERT TAYLOR seek to recover half-time overtime hours, liquidated damages and any other relief as allowable by law.

21. The additional persons who may become Plaintiffs in this action are employees and/or former employees of Defendants who are and were subject to the unlawful payroll practices and procedures of Defendants and were not paid minimum wages and/or overtime wages at the rate of time and one half of their regular rate of pay for all overtime hours worked in excess of forty.

### COUNT I:
### WAGE AND HOUR FEDERAL STATUTORY VIOLATION; FAILURE TO PAY OVERTIME; AGAINST ALL DEFENDANTS

22. Plaintiffs JENEIA MCKAY-TAYLOR, JADE MCKAY-TAYLOR, BRANDON TAYLOR, and ROBERT TAYLOR re-adopt every factual allegation as stated in paragraphs 1-28 above as if set out in full herein.

23. This action is brought by the Plaintiffs and those similarly-situated to recover from the Employer unpaid overtime compensation, as well as an additional amount as liquidated damages, costs, and reasonable attorney's fees under the provisions of 29 U.S.C. § 201 et seq., and specifically under the provisions of 29 U.S.C. § 207.   29 U.S.C. § 207 (a)(1) states, " No employer shall employ any of his employees… for a workweek longer than 40 hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and a half times the regular rate at which he is employed."

24. The Employer/Defendant S1 SECURITY GROUP was subjected to comply with the requirements of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1)).

25. Defendants S1 SECURITY GROUP and ROLANDO E. PALMA employed Plaintiffs JENEIA MCKAY-TAYLOR, JADE MCKAY-TAYLOR, BRANDON TAYLOR, and ROBERT TAYLOR at different times and periods, and paid them at different hourly rates, but all of them were subjected to the same employment practices, and they were not paid overtime hours at the rate of time and a half their regular rate.

26. Throughout their time of employment with S1 SECURITY GROUP, Plaintiffs worked up to seven days per week an average of 60, 72 and 84 hours weekly or more.

27. Defendants required Plaintiffs to work in excess of 40 hours every week.  However, the Defendants did not pay Plaintiffs for overtime hours.

28. Plaintiffs did not clock in and out, but they were required to sign timesheets and Defendants were able to track the hours worked by Plaintiffs and other similarly situated employees.

29. Therefore, Defendants willfully failed to pay Plaintiffs regular wages and overtime hours at the rate of time and a half their regular rate, for every hour that they worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

30. The records, if any, concerning the number of hours worked by Plaintiffs, and all others similarly situated employees, and the compensation actually paid to such employees should be in the possession and custody of Defendant.  However, upon information and belief, Defendants did not maintain accurate and complete time records of hours worked by Plaintiffs and other employees in the asserted class.  The Defendants violated the record-keeping requirements of FLSA, 29 CFR Part 516.

31. The Defendants never posted any notice, as required by the Fair Labor Standards Act and Federal Law, to inform employees of their federal rights to overtime and minimum wage payments.

32. Defendants violated the Posting requirements of 29 U.S.C. § 516.4.

33. Defendant employed Plaintiffs for the following periods, and owes them unpaid overtime wages as follows:

### 1.- PLAINTIFF JENEIA MCKAY-TAYLOR=$6,000.00

*Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.

    a.  <u>Total amount of alleged unpaid O/T wages</u>:

        Six Thousand Dollars and 00/100 ($6,000.00)

    b.  <u>Calculation of such wages</u>:

        Total number of paid hours: 60 hours
        Total number of O/T hours: 20 O/T hour
        Regular rate: $10.00 an hour x 1.5=$15.00 O/T rate
        O/T rate $15.00-$10.00 O/T rate paid= $5.00 half-time difference

        Half-time difference $5.00 x 20 O/T hours=$100.00 weekly x 60 weeks=$6,000.00

    c.  <u>Nature of wages (e.g. overtime or straight time)</u>:

      This amount represents unpaid half-time overtime wages.

### 2.- PLAINTIFF JADE MCKAY-TAYLOR = $11,836.00

*Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.

    a.  <u>Total amount of alleged unpaid O/T wages</u>:

        Eleven Thousand Eight Hundred Thirty-Six Dollars and 00/100 ($11,836.00)

    b.  <u>Calculation of such wages</u>:

        Total time of employment: 50 weeks

Relevant weeks of employment:  50 weeks
Total number of hours worked:  7 days 84 hours weekly
Total number of paid hours: 84 hours
Total number of O/T hours: 44 O/T hour

 1.- O/T for 12 weeks paid at $10.00 an hour
Regular rate: $10.00 an hour x 1.5=$15.00 O/T rate
O/T rate $15.00-$10.00 O/T rate paid= $5.00 half-time difference

Half-time difference $5.00 x 44 O/T hours=$220.00 weekly x 12 weeks=$2,640.00

 2.- O/T for 38 weeks paid at $11.00 an hour
Regular rate: $11.00 an hour x 1.5=$16.50 O/T rate
O/T rate $16.50-$11.00 O/T rate paid= $5.50 half-time difference

Half-time difference $5.50 x 44 O/T hours=$242.00 weekly x 38 weeks=$9,196.00

c.  <u>Nature of wages (e.g. overtime or straight time):</u>

   This amount represents unpaid half-time overtime wages.

### 3.- PLAINTIFF BRANDON TAYLOR=$1,980.00

*Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.

a.  <u>Total amount of alleged unpaid O/T wages:</u>

   One Thousand Nine Hundred Eighty Dollars and 00/100 ($1,980.00)

b.  <u>Calculation of such wages:</u>

   Total time of employment: 18 weeks
   Relevant weeks of employment:  18 weeks
   Total number of hours worked:  60 hours weekly
   Total number of paid hours: 60 hours
   Total number of O/T hours: 20 O/T hour
   Regular rate: $11.00 an hour x 1.5=$16.50 O/T rate
   O/T rate $16.50-$11.00 O/T rate paid= $5.50 half-time difference

    Half-time difference $5.50 x 20 O/T hours=$110.00 weekly x 18 weeks=$1,980.00

c.  <u>Nature of wages (e.g. overtime or straight time):</u>

   This amount represents unpaid half-time overtime wages.

## **4.- PLAINTIFF ROBERT TAYLOR=$12,864.00**

*Please note that these amounts are based on a preliminary calculation and that these figures could be subject to modification as discovery could dictate.

    a.  <u>Total amount of alleged unpaid O/T wages</u>:

        Twelve Thousand Eight Hundred Sixty-Four Dollars and 00/100 ($12,864.00)

    b.  <u>Calculation of such wages</u>:

        Total time of employment: 67 weeks
        Relevant weeks of employment:  67 weeks
        Total number of hours worked:  72 hours weekly (up to 80 hrs. weekly)
        Total number of paid hours: 72 hours
        Total number of O/T hours: 32 O/T hour
        Regular rate: $12.00 an hour x 1.5=$18.00 O/T rate
        O/T rate $18.00-$12.00 O/T rate paid= $6.00 half-time difference

        Half-time diff. $6.00 x 32 O/T hours=$192.00 weekly x 67 weeks=$12,864.00

    c.  <u>Nature of wages (e.g. overtime or straight time)</u>:

      This amount represents unpaid half-time overtime wages.

34. At all times material hereto, the Employers/Defendants failed to comply with Title 29 U.S.C. §207 (a) (1), in that Plaintiff and those similarly-situated performed services and worked in excess of the maximum hours provided by the Act, but no provision was made by the Defendant to properly pay them at the rate of time and one half for all hours worked in excess of forty hours (40) per workweek as provided in said Act.

35. Defendants knew and/or showed reckless disregard of the provisions of the Act concerning the payment of overtime wages as required by the Fair Labor Standards Act and remain owing Plaintiffs and those similarly-situated these overtime wages since the commencement of Plaintiffs' and those similarly-situated employees' employment with Defendants as set forth above, and Plaintiffs and those similarly-situated are entitled to recover double damages.

36. At the times mentioned, individual Defendant ROLANDO E. PALMA was the owner/president and manager of S1 SECURITY GROUP. Defendant ROLANDO E. PALMA was the employer of Plaintiff and others similarly situated within the meaning of Section 3(d) of the "Fair Labor Standards Act" [29 U.S.C. § 203(d)]. In that, this individual Defendant acted directly in the interests of S1 SECURITY GROUP in relation to its employees, including Plaintiff and others similarly situated.  Defendant ROLANDO E. PALMA had financial and operational control of the corporation, determined terms and working conditions of Plaintiff and other similarly situated employees, and he is jointly and severally liable for the Plaintiff's damages.

37. Defendants S1 SECURITY GROUP and ROLANDO E. PALMA willfully and intentionally refused to pay Plaintiff overtime wages at the rate of time and one half her regular rate, as required by the law of the United States, and remain owing Plaintiff these overtime wages since the commencement of Plaintiff's employment with Defendants as set forth above.

38. Plaintiffs have retained the law offices of the undersigned attorney to represent them in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff and those similarly situated respectfully requests that this Honorable Court:

A. Enter judgment for Plaintiffs JENEIA MCKAY-TAYLOR, JADE MCKAY-TAYLOR, BRANDON TAYLOR, and ROBERT TAYLOR and other similarly situated individuals and against the Defendants S1 SECURITY GROUP and ROLANDO E. PALMA, based on Defendants' willful violations of the Fair Labor

Standards Act, 29 U.S.C. § 201 et seq.; and

B. Award Plaintiffs JENEIA MCKAY-TAYLOR, JADE MCKAY-TAYLOR, BRANDON TAYLOR, and ROBERT TAYLOR actual damages in the amount shown to be due for unpaid overtime compensation for hours worked in excess of forty weekly, with interest; and

C. Award Plaintiffs an equal amount in double damages/liquidated damages; and

D. Award Plaintiffs reasonable attorneys' fees and costs of suit; and

E. Grant such other and further relief as this Court deems equitable and just and/or available pursuant to Federal Law.

<u>JURY DEMAND</u>

Plaintiffs JENEIA MCKAY-TAYLOR, JADE MCKAY-TAYLOR, BRANDON TAYLOR, and ROBERT TAYLOR demands trial by jury of all issues triable as of right by jury.

**<u>COUNT II:</u>**
**<u>FEDERAL STATUTORY VIOLATION PURSUANT TO 29 U.S.C. 215 (a)(3)</u>**
**<u>RETALIATORY DISCHARGE; AGAINST ALL DEFENDANTS;</u>**
**<u>AS PER PLAINTIFF ROBERT TAYLOR</u>**

39. Plaintiff ROBERT TAYLOR re-adopts every factual allegation as stated in paragraphs 1-21 of this complaint as if set out in full herein.

40. This Court has jurisdiction pursuant to The Fair Labor Standards Act, 29 U.S.C. §§ 201-219 (section #216 for jurisdictional placement) as well as the Florida Constitution that vests this action within a court of competent jurisdiction.

41. Defendant S1 SECURITY GROUP was and is engaged in interstate commerce as defined in §§ 3 (r) and 3(s) of the Act, 29 U.S.C. § 203(r) and 203(s) (1)(A). The Defendant provides security services and, through its business activity, affects interstate commerce. Defendant has more than two employees recurrently engaged in commerce or in the

production of goods or services for commerce by regularly and recurrently using the instrumentalities of interstate commerce to accept and solicit funds from non-Florida sources; by using electronic devices to authorize credit card transactions. Upon information and belief, the annual gross revenue of the Employer/Defendant was always in excess of $500,000 per annum. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies. Therefore, there is FLSA enterprise coverage.

42. Plaintiff and those similarly situated were employed by an enterprise engage in interstate commerce. Particularly, Plaintiff as a security employee, and through his daily activities, he provided security services to enterprises engaged in interstate commerce. Therefore, there is FLSA individual coverage.

43. By reason of the foregoing, Defendant's business activities involve those to which the Fair Labor Standards Act applies.

44. 29 U.S.C. § 207 (a) (1) states, "if an employer employs an employee for more than forty hours in any work week, the employer must compensate the employee for hours in excess of forty at the rate of at least one and one-half times the employee's regular rate…."

45. Likewise, 29 U.S.C. 215(a)(3) states... it shall be unlawful for any person— "to discharge or in any other manner discriminate against any employee because such employee has filed any complaint or instituted or caused to be instituted any proceeding under or related to this chapter, or has testified or is about to testify in any such proceeding,......"

46. Defendants S1 SECURITY GROUP and ROLANDO E. PALMA employed Plaintiff ROBERT TAYLOR from March 01, 2018, to June 15, 2019, or 67 weeks.

47. The Plaintiff was hired as a non-exempted, full-time hourly security guard with a wage rate of $12.00 an hour. the Plaintiff's overtime rate should be $18.00 an hour.

48. During his employment with Defendants Plaintiff worked a schedule of minimum 6 days per week with an average of 72 working hours weekly.

49. The Plaintiff worked more than 40 hours every week and he reasonably expected to be paid for all his overtime hours. However, Plaintiff was paid for all his working hours at his regular rate. The Plaintiff was not paid for overtime hours as established by the Fair Labor Standards Act.

50. Defendants did not clock-in and out, but the owner and manager of the business ROLANDO E. PALMA, was able to track the hours worked by Plaintiff and other similarly situated employees.

51. Therefore, Defendants willfully failed to pay the Plaintiff regular wages at least at the minimum wage rate in violation of the Fair Labor Standards Act. 29 U.S.C. §206 (a),  and overtime hours at the rate of time and one-half his regular rate for every hour that he worked in excess of forty (40), in violation of Section 7 (a) of the Fair Labor Standards Act of 1938 (29 U.S.C. 207(a)(1).

52. The Plaintiff complained and requested to the owner of the business ROLANDO E. PALMA to be paid for his overtime hours several times during April and May 2019.

53. These complaints constituted protected activity under the Fair Labor Standards Act.

54. On or about August June 15, 2019, the Plaintiff complained and requested ROLANDO E. PALMA to be paid for overtime hours for the last time. On this day, Plaintiff had a confrontation with ROLANDO E. PALMA due to his requests for overtime payment, and

due to discriminatory remarks made by the owner of the business.  As a result of this incident, the plaintiff was fired by the Defendants.

55. At all times during his employment with Defendants, Plaintiff performed his duties satisfactorily. There was no reason other than a retaliatory action to terminate Plaintiff's employment with Defendants.

56. The Defendants' termination of the Plaintiff was in direct violation of 29 U.S.C. 215 (a) (3) and, as a direct result, the Plaintiff has been damaged.

57. There is proximity between Plaintiff's last protected activity and his termination.

58. Plaintiff ROBERT TAYLOR seeks to recover overtime wages for every hour in excess of 40 that he worked, liquidated damages, retaliatory damages, and any other relief as allowable by law.

59. The Plaintiff has retained the law offices of the undersigned attorney to represent him in this action and is obligated to pay a reasonable attorneys' fee.

<u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff ROBERT TAYLOR respectfully requests that this Honorable Court:

A. Issue a declaratory judgment that Defendants' acts, policies, practices, and procedures complained of herein violated provisions of the Fair Labor Standards Act;

B. Enter judgment against Defendants S1 SECURITY GROUP and ROLANDO E. PALMA that Plaintiff recovers compensatory, damages and an equal amount of liquidated damages as provided under the law and in 29 U.S.C. § 216(b);

C. That Plaintiff recovers an award of reasonable attorney fees, costs, and expenses.

D. Order the Defendants S1 SECURITY GROUP and ROLANDO E. PALMA to make whole the Plaintiff by providing appropriate back pay and other benefits wrongly denied

in an amount to be shown at trial and other affirmative relief;

E.  Plaintiff ROBERT TAYLOR further prays for such additional relief as the interests of

justice may require.

<u>JURY DEMAND</u>

Plaintiff ROBERT TAYLOR demands trial by a jury of all issues triable as of right by jury.

Dated:  December 23, 2019

Respectfully submitted,

By: **/s/ Zandro E. Palma**
ZANDRO E. PALMA, P.A.
Florida Bar No.: 0024031
9100 S. Dadeland Blvd.
Suite 1500
Miami, FL 33156
Telephone: (305) 446-1500
Facsimile:  (305) 446-1502
zep@thepalmalawgroup.com
*Attorney for Plaintiffs*